FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 16, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RONALD SHIELDS, individually and as Personal Representative of the Estate of NORMA SHIELDS, and on behalf of the marital community of RONALD SHIELDS and NORMA SHIELDS,<br><br>Plaintiff,<br><br>v.<br><br>TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, an Iowa Corporation; NATIONAL RIFLE ASSOCIATION OF AMERICA, a New York Foreign Nonprofit Corporation, d/b/a NRA Endorsed Insurance Program; and, A.G.I.A. Inc., a California Corporation d/b/a AGIA Infinity, and as agent/Partner of NRA Endorsed Insurance Program,<br><br>Defendant. | No.   2:20-cv-00438-SMJ<br><br>**ORDER GRANTING DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA'S MOTION FOR LEAVE TO AMEND ANSWER AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Plaintiff's Motion for Partial Summary Judgment Dismissal Various Affirmative Defenses Asserted by Defendant NRA, ECF No. 39, and Defendant NRA's Motion for Leave to Amend Answer to Plaintiff's Amended Complaint, ECF No. 44. In Plaintiff's motion for partial summary judgment, he

seeks Federal Rule of Civil Procedure 56 dismissal of certain affirmative defenses pled by Defendant. ECF No. 39. In response, Defendant seeks leave of Court to amend its answer to Plaintiff's Amended Complaint to "provide fuller explanation of certain defenses." ECF No. 44 at 2. Having reviewed the relevant record, and consistent with Federal Rule of Civil Procedure 15(a)(2)'s direction to freely grant leave to amend, the Court grants Defendant's motion and denies Plaintiff's motion with leave to renew.

## BACKGROUND

Plaintiff Ronald Shields sued Defendants on November 25, 2020, asserting a myriad of claims arising out of a cancer indemnity insurance policy he purchased as part of a National Rifle Association of American ("NRA") program offered to NRA members. *See generally* ECF No. 1. Plaintiff asserts these claims individually and in representative capacities on behalf of his late wife's estate and their marital estate. *Id.* at 2.

Plaintiff originally purchased indemnity insurance in 1986 through North American Life and Casualty Company. ECF No. 1 at 9, 28. After North American Life and Casualty Company ceased underwriting the coverage, Monumental Life Insurance Company, now TransAmerica Life Insurance Company

("TransAmerica"), issued a cancer indemnity insurance policy ("the Policy") that insures Plaintiff and insured his deceased wife.[1] *Id.* ¶ 1.1

On April 8, 2019, Plaintiff submitted a death benefit claim under the Policy for benefits related to his wife's cancer treatment and for "other promised benefits." *Id.* at 4; *see also* ECF No. 25 at 5. After TransAmerica closed the claim without paying it, Plaintiff instituted this action.[2]

On October 5, 2021, Plaintiff filed a motion for leave of Court to file an amended complaint. ECF No. 19. Plaintiff's proposed amended complaint corrected typographical errors and included a claim for punitive damages under the laws of New York, Iowa, and California. ECF No. 19. Defendant opposed Plaintiff's motion, but the Court granted Plaintiff leave to amend under Rule 15(a)(2)'s liberal standard. ECF No. 30. The Court will afford Defendant the same opportunity.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) directs Courts to "freely give leave" to amend the pleadings "when justice so requires." Although courts must be generous in granting leave to amend, *United States v. Corinthian Colleges*, 655 F.3d

---

[1] This Policy, issued in 2014, appears to offer different benefits than those offered under the first policy purchased in 1986. *See generally* ECF No. 1 at Ex. 1,4.

[2] The gist of Plaintiff's grievances—set forth through fourteen causes of action—is that Defendant TransAmerica has failed to honor its obligations under the Policy and that Defendants TransAmerica, NRA, and AGAI (the third-party administrator of the Policy) engaged in deceptive acts and practices. *See generally* ECF No. 1.

ORDER GRANTING DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA'S MOTION FOR LEAVE TO AMEND ANSWER AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 3

984, 995 (9th Cir. 2011), such leave is not automatic, *see Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999). Granting leave to amend is within the discretion of the trial court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Courts consider several factors, including (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; (5) and whether the plaintiff has previously amended the complaint. *Corinthian Colleges*, 655 F.3d at 995.

A court may deny leave to amend "if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018). An amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton*, 845 F.2d 209, 214 (9th Cir. 1988).

**DISCUSSION**

Plaintiff seeks summary dismissal of 22 of Defendant's affirmative defenses, arguing they lack legal and factual support and fail to provide fair notice to Plaintiff. *See generally* ECF No. 39. While Defendant disputes the merits of Plaintiff's motion, it also requests the Court permit it to amend its answer to further elaborate the grounds for its defenses.[3] ECF No. 44.

---

[3] The Court notes that Defendant did not respond to Plaintiff's motion requesting leave to amend its answer.

As an initial matter, a review of the relevant record does not reveal any bad faith on the part of Defendant. To the contrary, Defendant promptly sought leave—filing its motion less the one month after Plaintiff contested the merits of Defendant's affirmative defenses. Moreover, Plaintiff requested leave before the deadline to amend pleadings passed, and well before the discovery cutoff in this matter. Trial is not set to commence for eight months, and the parties are still in the relatively early stages of discovery.[4] Given that trial remains distant, and the discovery deadline has not yet passed, any prejudice to Plaintiff at this juncture is minimal. Of course, should Plaintiff petition the Court for a continuance due to any delay caused by Defendant's amended answer, the Court will consider this order as a basis.

Having reviewed the Defendant's proposed amended answer, ECF No. 44-1, the Court cannot say that the proposed amendments are futile, such that "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller*, 845 F.2d at 214. Rather, the proposed amendments seek to cure the deficiencies identified by Plaintiff, which will further the efficient resolution of this case. Finally, this is Defendant's first request to amend its answer. But, given that both parties have now been afforded an

---

[4] Defendant proffers that as of the date it filed its motion, the parties have not yet conducted any depositions in this matter.

ORDER GRANTING DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA'S MOTION FOR LEAVE TO AMEND ANSWER AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 5

opportunity to amend their respective pleadings, the Court cautions the parties that it will scrutinize subsequent requests for leave to amend, particularly as the discovery cutoff and trial date draw near. Accordingly, the Court grants Defendant leave to file an amended answer to Plaintiff's Amended Complaint.

With this in mind, Plaintiff's motion for partial summary judgment is denied, but he will be granted leave to renew his motion. Because the Court has granted Defendant leave to amend, it would be inefficient to rule on Plaintiff's request to dismiss Defendant's affirmative defenses as originally pled. However, Plaintiff may renew his motion if Defendant's amended answers suffer from the same (or new) deficiencies.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion for Leave to Amend Answer to Plaintiff's Amended Complaint, **ECF No. 44**, is **GRANTED**.

    A. Defendant shall file its amended answer complaint **by no later than two from the date of this Order.**

2. Plaintiff's Motion for Partial Summary Judgment Dismissal Various Affirmative Defenses Asserted by Defendant NRA, **ECF No. 39**, is **DENIED WITH LEAVE TO RENEW**.

//

//

ORDER GRANTING DEFENDANT NATIONAL RIFLE ASSOCIATION OF AMERICA'S MOTION FOR LEAVE TO AMEND ANSWER AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – 6

1  //

2  //

3  //

4  **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

DATED this 16th day of March 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge